J-S64026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD N. DANIELS | |
| Appellant | No. 539 EDA 2016 |

Appeal from the PCRA Order dated February 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012194-2009
CP-51-CR-0012199-2009

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                          **FILED OCTOBER 20, 2016**

Appellant, Edward Daniels, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon careful review, we affirm.

The underlying facts are as follows. On June 27, 2009, Appellant, along with Donnell Murchison and Antonio Wright, entered the Piazza Navona Apartments in the Northern Liberties section of Philadelphia. All three men waited in the hallway of the seventh floor. As Rian Thal, who was allegedly expecting a shipment of $500,000 worth of powder cocaine from Texas, and her associate, Timothy Gilmore, were exiting the elevator, Appellant, Wright, and Murchison pulled out their guns and announced a

---

[*] Former Justice specially assigned to the Superior Court.

robbery. Gilmore resisted, and Wright shot him. Murchison then shot Thal in the back of the head. Upon noticing that Gilmore was still alive, Wright shot Gilmore twice more, also in the head. Both victims died at the scene. Appellant, Wright, and Murchison fled without obtaining the targeted drugs. *See* Trial Court Opinion, 4/3/12, at 2-6.

A jury convicted Appellant of two counts of second-degree murder, robbery, criminal conspiracy, and carrying firearms on a Philadelphia public street without a license.[1] Following the conclusion of the trial, Appellant was sentenced to serve two consecutive terms of life without parole for second-degree murder, with concurrent sentences of ten to twenty years for conspiracy, and two and a half to five years for carrying firearms.[2]

Appellant thereafter filed an appeal with this Court. We vacated one conviction for criminal conspiracy, but otherwise affirmed Appellant's judgment of sentence. **Commonwealth v. Daniels**, No. 188 EDA 2012 (Pa. Super., Sept. 27, 2013) (unpublished memorandum), *allowance of appeal denied*, No. 537 EAL 2013 (Pa., Feb. 19, 2014).

On April 14, 2014, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent him, and counsel filed an amended petition on May 25, 2015. The amended petition claimed that trial counsel was

---

[1] 18 Pa.C.S. § 2502(b); 18 Pa.C.S. § 3701(A)(1)(i); 18 Pa.C.S. § 903(c); & 18 Pa.C.S. § 6108.

[2] The robbery charges merged for sentencing purposes.

ineffective in failing to make various objections at trial, and Appellant requested an evidentiary hearing. The Commonwealth moved to dismiss the petition on November 12, 2015. On January 19, 2016, the PCRA court issued notice of its intention to dismiss the petition without a hearing, pursuant to Rule 907(4) of the Pennsylvania Rules of Criminal Procedure. Appellant did not respond to the notice. On February 16, 2016, the PCRA court dismissed the petition.

The following day, Appellant filed a timely notice of appeal to this Court. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, and Appellant did not file one.

In its Rule 1925(a) opinion, the PCRA court explained that it dismissed Appellant's petition because, although the petition did recite the standard for a finding of ineffectiveness, it did not adequately allege facts or sufficiently apply the law to establish a basis upon which Appellant could be entitled to relief. The PCRA court stated:

> Other than setting forth the issues in bullet point fashion and providing general principles of law, defendant failed to discuss each of his claims in the context of the three-part ineffectiveness test, the law applicable to his claims, and the evidence presented at trial. The failure to do so was fatal to his claims in relation to the evidence and the applicable law because the law is clear that a PCRA litigant has the never shifting burden to plead and prove the merits of each of the prongs of the ineffectiveness test. Defendant did not provide a clue as to the factual context of his claims and instead merely made conclusory assertions that the claims had arguable merit, counsel had no rational basis for not objecting, and that he was prejudiced by counsel's failure to object or take other action. This was wholly insufficient to obtain relief.

PCRA Court Opinion, 3/9/16, at 5-6.[3]

In Appellant's brief to this Court, Appellant requests relief in the form of a new trial or a remand to the PCRA court for an evidentiary hearing based on the following issues, as stated:

A.  Did trial counsel render ineffective assistance of counsel when they failed to object to or motion the trial court for a mistrial as a result of the prejudicial argument made by the prosecutor in her opening statement?

B.  Did trial counsel render ineffective assistance of counsel when they failed to object to or motion the trial court for a mistrial as a result of the prosecutors' misconduct?

C.  Did trial counsel render ineffective assistance of counsel when they failed to object to or motion the trial court for a mistrial as a result of trial court error or misconduct?

Appellant's Brief at 4.

In support of these claims, Appellant cites seventeen instances where the prosecutor made allegedly prejudicial comments during his opening statement, seventeen instances of alleged prosecutorial misconduct, and

_____

[3] The court added that, in any event, Appellant's claims based on his trial counsel's failure to make objections at trial could not meet the prejudice prong of the ineffective assistance of counsel analysis: "Finally, it is noted that this Court did review the cited passages from the record defendant claims were improper and prejudicial and which trial counsel erred by not objecting to. None of them would have entitled defendant to relief because the evidence of guilt was overwhelming and therefore, there would not have been a different outcome if only counsel proffered objections." PCRA Court Opinion, 3/9/16, at 7.

thirty-three instances of alleged judicial misconduct. Appellant's brief appears to be a substantially verbatim reproduction of his amended PCRA petition. Appellant does not address the reasons given by the PCRA court for his petition's dismissal.

The standard of review of the dismissal of a PCRA petition is "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Reid*, 99 A.3d 470, 481 (Pa. 2014) (citation omitted). The reviewing court is obligated to examine each of the issues raised in the PCRA petition. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is the Appellant's burden to convince an appellate court that the PCRA court erred in denying relief. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

A PCRA petitioner bears the burden of pleading and proving his claims on their merits. *Commonwealth v. Smith*, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citing 42 Pa.C.S. §§ 9543(a), 9545(b)), *appeal denied*, 136 A.3d 981 (Pa. 2016). A petitioner claiming ineffective assistance of counsel must prove the three prongs of the test established in *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987): "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [the petitioner] suffered prejudice as a result of counsel's error." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014)

(citations omitted).[4] Counsel is presumed effective, and a petitioner bears the burden of proving otherwise. ***Id.*** If a petitioner fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the court need not address the remaining prongs. ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa. Super. 2009) (citation omitted), *appeal denied*, 990 A.2d 727 (Pa. 2010).

Because a PCRA petition claiming ineffectiveness therefore must plead and prove facts showing that he can establish each prong of the ***Pierce*** ineffectiveness test, the petitioner may not merely recite the ***Pierce*** standard, but must meaningfully discuss and develop each of his claims under the applicable facts and law. ***Commonwealth v. Steele***, 961 A.2d 786, 797-807 (Pa. 2008). While petitioners claiming ineffectiveness often focus on establishing that a claim has merit, ***see Commonwealth v. Williams***, 782 A.2d 517, 526 n.5 (Pa. 2001), they may not neglect the other two prongs of the ***Pierce*** test. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011); ***see Steele***, 961 A.2d at 797 ("In multiple claims in this case, Appellant only addresses the first prong, arguing

---

[4] The standard for proving a claim of ineffective assistance of counsel is the same under both the state and federal constitutions, although the law of our Commonwealth breaks the test into three elements rather than two. ***See Commonwealth v. Jones***, 811 A.2d 994, 1007 n.7 (Pa. 2002).

that the underlying claim has arguable merit, followed by a bald assertion of the lack of a reasonable basis and the fact of prejudice. Such undeveloped claims, based on boilerplate allegations, cannot satisfy Appellant's burden of establishing ineffectiveness").

Here, the PCRA court denied Appellant's claim without a hearing. To justify an evidentiary hearing on a PCRA petition, a petitioner must offer to prove facts that will entitle him to relief. *Reid*, 99 A.3d at 501 n.26 (citation omitted). A PCRA court may decline to hold an evidentiary hearing where the petition raises no genuine issues concerning any material fact and no legitimate purpose will be served by the proceeding. Pa.R.Crim.P. 907. Evidentiary hearings on PCRA claims "are not discovery expeditions; rather, they are conducted when necessary to offer the petitioner an opportunity to prove that which he already has asserted, and only when his proffer establishes a colorable claim about which there remains a material issue of fact." *Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012) (citation omitted).

The PCRA court concluded that Appellant's petition failed to plead facts setting forth a colorable claim that he was entitled to relief. We agree. While Appellant did recite the *Pierce* standard for a finding of ineffectiveness, he did not adequately allege facts or sufficiently apply the law to establish his claims. Instead, Appellant listed each asserted error on counsel's part, set forth the general principles of law, and then declared that counsel was obviously ineffective, without actually engaging with the facts or the law to

demonstrate how the court should reach that conclusion. **See**, **e.g.**, Amended PCRA Petition at 18.

Appellant's petition is rife with bald assertions and boilerplate language that cannot satisfy his burden to prove ineffectiveness. To take just one example, Appellant asserted that trial counsel was ineffective for failing to object or move for a mistrial when the prosecutor "improperly had [a witness] make an unduly suggestive in court identification of the petitioner." **See** Amended PCRA Petition ¶ 61(b). Appellant repeats this same statement in his brief to this Court. **See** Appellant's Brief at 25 (¶ b). He follows the statement with a citation to a single page of the trial transcript, which shows only that the witness identified the defendant in response to a question by counsel.[5] Appellant fails to explain what was improper about this

---

[5] **See** N.T. 11/15/11, p. 225, which reads, in its entirety:

Q.  When you walked to the Piazza, did you see any people that are here now?
A.  When I went to the Piazza?
Q.  Yes.
A.  Yes.
Q.  Point to them.
A.  (Indicating).
Q.  Tell me what he is wearing?
A.  The guy with the striped sweater on.
Q.  This gentleman right here? (Indicating).
A.  Yes.

[COUNSEL FOR COMMONWEALTH:] For the record, indicating Mr. Daniels.
THE COURT: So indicated.

*(Footnote Continued Next Page)*

identification or to cite or discuss any law governing in-court identifications that would support his claim for relief with respect to it. Regarding prejudice resulting from the identification, Appellant's petition said only:

> The petitioner was prejudiced by trial counsel's failure to object to the prosecutor's misconduct or motion the trial court for a mistrial. The prosecutor's misconduct buttressed the Commonwealth's case that was essentially based on identification testimony. Had an objection been lodged by trial counsel or a request for a mistrial been made by trial counsel, the result the trial would have been different.

Amended PCRA Petition ¶¶ 74-76 (paragraphing omitted). His brief to this Court contains these exact same sentences, except that it replaces "The petitioner" with "Appellant." Appellant's Brief at 30. With only such conclusory allegations, the PCRA court correctly concluded that Appellant did not carry his burden of establishing a claim warranting relief. *See **Paddy***, 15 A.3d at 443; ***Smith***, 121 A.3d at 1054.[6]

---

*(Footnote Continued)*

> Q. You saw Mr. Daniels, the guy with the striped shirt. Did you see Donney?
> A. Yes.
>
> Q. Donnell Murchison?
> A. Yes.
>
> Q. Where were they standing?
> A. Like walking right off to the left where [the page ends at this point].

[6] In spite of the inadequacies of Appellant's petition, we have reviewed each of his claims carefully to determine whether any merit relief. We have found none that call the PCRA court's holding into question.

Nor did Appellant offer to prove any allegedly disputed facts that would have warranted an evidentiary hearing. **See Reid**, 99 A.3d at 501 n.26; Pa.R.Crim.P. 907. His petition focused solely on facts that are already of record as part of the transcript of his trial, and no hearing was needed to prove those facts. Appellant made no proffer to prove anything else. The PCRA court therefore did not err in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

Appellant's brief to this Court fails to address these concerns. It therefore fails to establish any basis for reversal. In **Commonwealth v. Miner**, this Court confronted a similar situation. The PCRA court concluded that the petition claiming ineffectiveness "did not allege and clarify facts, and did not proffer those facts in a fashion sufficiently related to the law, so as to present any meritorious claims entitling Appellant to a remedy." 44 A.3d at 688. On appeal, the appellant failed in his brief to argue, much less establish, how the PCRA court erred in evaluating and denying his petition. This Court found that:

> Aside from the question of whether Appellant's factual assertions and arguments, as he now presents them on appeal, would establish ineffectiveness, the fatal flaw in Appellant's brief is that it does not demonstrate his petition articulated his claims to the PCRA court. That is, Appellant argues to us as if we were the PCRA court in the first instance instead of telling us how the court was wrong in its evaluation of his petition.

**Id.**

Here, similarly, Appellant's brief to this Court has failed to rebut the PCRA court's holding that his petition is deficient, even after having received the Commonwealth's motion to dismiss, the PCRA court's Rule 907 notice of intention to dismiss, and the PCRA court's 1925(a) opinion. Appellant has therefore not carried his burden to prove that the PCRA court erred in denying him relief. **See Miner**, 44 A.3d at 688.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016